UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RYAN KENNETH RANDALL, )
)
    Plaintiff, )
)
v. ) CV419-084
)
THE CITY OF SAVANNAH, GA., )
*et al*. )
)
    Defendants. )

# **ORDER**

*Pro se* plaintiff Ryan Kenneth Randall has filed this 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when he was arrested for disorderly conduct after a dispute about whether he was required to acquire a permit to play his bagpipes in public and accept "donations." *See* doc. 1. He also seeks leave to pursue his case *in forma pauperis*. *See* doc. 2. His motion, however, does not provide adequate information for the Court to evaluate his request. He must supplement it or pay the Court's filing fee.

Randall's form motion does not identify any employer, states only that his gross income "varies," and omits any information on any other sources of income. *See* doc. 2 at 1. In the section of the form seeking disclosure of his regular expenses, he has simply responded "[n]o house." *Id*. at 2. Finally, he discloses that he has very limited funds available in a checking or savings

account and credit card debt. *Id.* The Court simply cannot determine whether he is indigent based on that limited information.

"[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of

whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Accordingly, Randall must supplement his motion to proceed IFP or pay the Court's filing fee. He is **DIRECTED** to either pay or submit a supplement to his motion, providing *all* the required information, within 30 days of the date of this Order. **Failure to comply will result in a recommendation of dismissal on abandonment grounds.** *See* Fed. R. Civ. P. 41. The Clerk is **DIRECTED** to include a blank copy of the Court's IFP (Form AO 240) motion form with this Order for Randall's convenience.

**SO ORDERED,** this 18th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA